Ryan P. Steen, AK Bar No. 0912084
Beth S. Ginsberg, Admitted *Pro Hac Vice*
Jason T. Morgan, Admitted *Pro Hac Vice*
Stoel Rives LLP
600 University Street, Suite 3600
Seattle, Washington  98101
(206) 624-0900 (phone)
(206) 386-7500 (facsimile)

*Attorneys for United Cook Inlet Drift Association and
Cook Inlet Fishermen's Fund*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED COOK INLET DRIFT ASSOCIATION AND COOK INLET FISHERMEN'S FUND,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL MARINE FISHERIES SERVICE, ET AL.,<br><br>Defendants. | Case. No. 3:13-cv-00104-TMB<br><br>PLAINTIFFS' APPLICATION FOR AN AWARD OF ATTORNEYS' FEES AND COSTS |

## I.  INTRODUCTION

Plaintiffs United Cook Inlet Drift Association and Cook Inlet Fishermen's Fund ("Plaintiffs") respectfully move for a renewed application for an award of attorneys' fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d); Fed. R. Civ. P. 54(d); and L.R. 54.3.  On August 3, 2017, this Court denied Plaintiffs' original application for attorneys' fees and costs without prejudice in accordance with Plaintiffs' express reservation of rights to seek attorneys' fees and costs after the resolution of the State of Alaska's U.S. Supreme

Court petition for certiorari, which was filed on February 27, 2017.[1] The Court subsequently denied the State's petition for certiorari on October 2, 2017;[2] therefore, Plaintiffs now renew their application for an award of attorneys' fees and costs.

In this civil action, Plaintiffs asserted claims under the Magnuson-Stevens Fishery Conservation and Management Act ("MSA"), the National Environmental Policy Act ("NEPA"), and the Administrative Procedure Act. These claims challenged the decision by federal defendants National Marine Fisheries Service et al. ("Federal Defendants") to approve and implement Amendment 12 of the *Fishery Management Plan for the Salmon Fisheries in the EEZ off Alaska* (the "Salmon FMP"), which eliminated federal waters in Cook Inlet from the Salmon FMP.[3] Based on these claims, Plaintiffs requested that this Court vacate the decision approving Amendment 12 and its implementing regulations, and order Federal Defendants to develop an appropriate fishery management plan ("FMP") that covers Cook Inlet. On September 4, 2014, this Court denied Plaintiffs' motion for summary judgment and entered judgment in favor of Federal Defendants.[4] On September 21, 2016, the Ninth Circuit issued a decision reversing this Court's prior summary decision in favor of Federal Defendants, holding that "[t]he Magnuson-Stevens Act unambiguously requires a Council to create an FMP for each fishery under its authority that requires conservation and management," and that "Amendment 12 is therefore contrary to law to the extent it removes Cook Inlet from the FMP."[5] The Ninth Circuit remanded

---

[1] Dkt. 103.

[2] Dkt. 104.

[3] *See* 77 Fed. Reg. 75,570 (Dec. 21, 2012).

[4] Dkt. 64.

[5] *United Cook Inlet Drift Ass'n v. Nat'l Marine Fisheries Serv.*, 837 F.3d 1055, 1065 (9th Cir. 2016), *cert. denied*, No. 16-1044, 2017 WL 844012 (Mem) (U.S. Oct. 2, 2017).

*United Cook Inlet Drift Association et al. v. NMFS et al.,* 3:13-cv-00104-TMB
Page 2

the case to this Court with instructions that judgment be entered in favor of Plaintiffs.[6] On August 3, 2017, this Court entered judgment in accordance with the Ninth Circuit's instructions.[7]

As described below, and in the accompanying Affidavit of Jason T. Morgan and declarations of Erik Huebsch and David Martin, Plaintiffs are entitled to an award of the full amount of their fees and costs incurred in this litigation. Plaintiffs respectfully request an award of $488,783 in attorney and professional fees and $12,893.09 in costs, for a total request of $501,676.09, plus any attorneys' fees and costs incurred after October 24, 2017.[8]

## II. LEGAL BACKGROUND

EAJA provides that a court shall award fees and costs to a prevailing party unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.[9] The typical starting point for any award is the amount calculated by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate for each attorney or paraprofessional (i.e., the lodestar calculation).[10] However, a final EAJA fee award is not a strict mathematical calculation, and the total amount of the awarded fee is determined based on the facts of each case.[11]

A partially successful plaintiff may recover for attorney time "devoted generally to the litigation as a whole" as well as for time spent on claims that are "related" to the plaintiff's

---

[6] *Id.*

[7] Dkt. 102.

[8] Plaintiffs reserve the right to file one or more supplements to this application for attorneys' fees and costs incurred after October 24, 2017.

[9] *See* 28 U.S.C. § 2412(d)(1)(A); *Love v. Reilly*, 924 F.2d 1492, 1494 (9th Cir. 1991).

[10] *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

[11] *Id*. at 429, 434-37.

*United Cook Inlet Drift Association et al. v. NMFS et al.,* 3:13-cv-00104-TMB
Page 3
Case 3:13-cv-00104-TMB   Document 106   Filed 10/27/17   Page 3 of 11

successful claims.[12]  "Related claims" are those claims that "involve a common core of facts."[13] "Where a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised."[14]

### III. BASIS FOR PLAINTIFFS' REQUEST FOR FEES AND COSTS

**A.  Plaintiffs are eligible prevailing parties under EAJA**

To demonstrate that it is a "prevailing party," a fee-seeking party must show that "(1) there has been a material alteration in the legal relationship of the parties and (2) it was judicially sanctioned."[15]  Material alteration in the legal relationship requires that "a plaintiff receive at least some relief on the merits of his claim," and judicial sanction requires a "judicial imprimatur."[16]  A prevailing party is one that "succeeds on any significant issue in litigation which achieves *some* of the benefit the parties sought in bringing the suit."[17]  Plaintiffs are prevailing parties as a result of this Court's entry of judgment in favor of Plaintiffs in accordance with the Ninth Circuit's instructions.[18]

Plaintiffs are eligible to receive an award under 28 U.S.C. § 2412(d), as described in the accompanying Declaration of Erik Huebsch and Declaration of David Martin.  The United Cook

---

[12] *Id.* at 435.

[13] *Id.*

[14] *Id.* at 440.

[15] *Wood v. Burwell*, 837 F.3d 969, 973 (9th Cir. 2016).

[16] *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1030-31 (9th Cir. 2009) (internal quotation marks and citations omitted).

[17] *Park v. Anaheim Union High Sch. Dist.*, 464 F.3d 1025, 1034 (9th Cir. 2006) (brackets, citation, and internal quotation marks omitted).

[18] Dkt. 102.

*United Cook Inlet Drift Association et al. v. NMFS et al.,* 3:13-cv-00104-TMB
Page 4
Case 3:13-cv-00104-TMB   Document 106   Filed 10/27/17   Page 4 of 11

Inlet Drift Association is a for-profit company, the net worth of which did not exceed $7,000,000 at the time this civil action was filed, and which did not have more than 500 employees at the time this civil action was filed.[19] The Cook Inlet Fishermen's Fund is a Section 501(c)(4) non-profit company, the net worth of which did not exceed $7,000,000 at the time this civil action was filed, and which did not have more than 500 employees at the time this civil action was filed.[20]

B.  **The government's position was not substantially justified, and there are no special circumstances making an award unjust**

The government's position is not substantially justified because the Ninth Circuit's unanimous decision held that "[t]he Magnuson-Stevens Act *unambiguously requires* a Council to create an FMP for each fishery under its authority that requires conservation and management," and that "Amendment 12 is therefore contrary to law to the extent it removes Cook Inlet from the FMP."[21] Under circumstances similar to the present case, the Ninth Circuit has elsewhere overturned a District Court decision in favor of the United States and found the government's position "not substantially justified" where statutory language was clear as to a mandatory agency duty. *See Oregon Nat. Res. Council v. Madigan*, 980 F.2d 1330, 1331-32 (9th Cir. 1992). The fact that the federal defendants initial prevailed in this Court is not sufficient to find the government's position substantially justified.[22]

---

[19] *See* 28 U.S.C. § 2412(d)(2)(B); Declaration of Erik Huebsch ¶¶ 3-4.

[20] *See* Declaration of David Martin ¶¶ 3-4.

[21] *United Cook Inlet Drift Ass'n*, 837 F.3d at 1065 (emphasis added).

[22] *See United States v. One 1984 Ford Van*, 873 F.2d 1281, 1282 (9th Cir. 1989) (rejecting the argument that because the government won at the District Court level, that demonstrates that reasonable minds could differ on the question at bar and the government's position was substantially justified).

*United Cook Inlet Drift Association et al. v. NMFS et al.,* 3:13-cv-00104-TMB
Page 5
Case 3:13-cv-00104-TMB   Document 106   Filed 10/27/17   Page 5 of 11

Additionally, there are no special circumstances in this case making an award unjust. Absent from this case are the sort of "extraordinary" circumstances whereby equitable considerations warrant withholding an award.[23] Accordingly, Plaintiffs are entitled to an award of fees in this case.

C.   **Plaintiffs are entitled to recovery at market-based rates**

EAJA establishes a statutory fee recovery rate for attorneys of $125 per hour.[24] However, a court may award a higher rate when "an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."[25] Specifically, in the Ninth Circuit, enhanced hourly rates are warranted under EAJA where (i) an attorney possesses distinctive knowledge and skills developed through a practice specialty, (ii) those distinctive skills are needed in the litigation, and (iii) those skills are not available elsewhere at the statutory rate.[26] The Ninth Circuit expressly recognizes environmental litigation as a specialty practice meriting enhanced hourly rates under EAJA.[27] Furthermore, courts have awarded fees under EAJA based on market rates for plaintiffs

---

[23] *See, e.g.*, *Oguachuba v. Immigration & Naturalization Serv.*, 706 F.2d 93, 94 (2d Cir. 1983) ("extraordinary persistence in evading the lawful efforts of the INS" constituted "special circumstances" making EAJA award inequitable).

[24] 28 U.S.C. § 2412(d)(2)(A).

[25] *Id.*

[26] *Nat. Res. Def. Council, Inc. v. Winter*, 543 F.3d 1152, 1158 (9th Cir. 2008).

[27] *See Love*, 924 F.2d at 1496 ("Environmental litigation is an identifiable practice specialty that requires distinctive knowledge." (citing *Animal Lovers Volunteer Ass'n v. Carlucci*, 867 F.2d 1224, 1226 (9th Cir. 1989))); *see also, e.g., Winter*, 543 F.3d at 1158-62 (awarding enhanced fees for specialized expertise in environmental litigation; citing *Love*); *Nat'l Wildlife Fed'n v. Fed. Energy Reg. Comm'n*, 870 F.2d 542, 547 (9th Cir. 1989) (awarding enhanced fees to an "environmental specialist"), *disapproved on other grounds in Comm'r, Immigration & Naturalization Serv. v. Jean*, 496 U.S. 154 (1990); *Ctr. for Biological Diversity v. U.S. Bureau of Land Mgmt.*, No. C 06-4884, 2011 U.S. Dist. LEXIS 140685, at *8-14 (N.D. Cal. Dec. 7, 2011) (same).

*United Cook Inlet Drift Association et al. v. NMFS et al.,* 3:13-cv-00104-TMB
Page 6

successfully suing to compel the National Marine Fisheries Service to comply with mandates of the MSA.[28]

Based on this well-established precedent, and for the reasons stated in the affidavit and declarations accompanying this application, Plaintiffs are entitled to an award based on their attorneys' market-based rates. Plaintiffs are represented in this litigation by attorneys from the Environment, Land Use, and Natural Resources Practice Group at Stoel Rives LLP, a regional and national leader in environmental law.[29] Plaintiffs' attorneys have unique, necessary, and specialized expertise in environmental litigation, and equivalent expertise is unavailable at the EAJA statutory rate.[30] Although Plaintiffs' attorneys' environmental law experience and specialized expertise varies by attorney (as is reflected in the hourly rates for each attorney), all Stoel Rives attorneys involved in this litigation on behalf of Plaintiffs are environmental law specialists with discrete and relevant substantive legal knowledge and skills.[31]

The expertise of Plaintiffs' attorneys was necessary for Plaintiffs' representation in this litigation. This case dealt with agency determinations made over a number of years and concurrent agency processes under the MSA and NEPA; the issues presented involved a complex interplay between statutory and regulatory regimes; and the case required an extensive analysis of legislative history over a 20-year period. The issues were also highly scientific and technical, and required extensive knowledge of fishery dynamics and biology. Proficient representation of Plaintiffs in this matter required substantial knowledge of each relevant statute's regulatory scheme, comparable litigation experience, and the distinctive knowledge and

---

[28] *See Nat. Res. Def. Council v. Locke*, 771 F. Supp. 2d 1203, 1210 (N.D. Cal. 2011).

[29] *See* Affidavit of Jason T. Morgan ¶ 3.

[30] *Id.* ¶¶ 3-13.

[31] *Id.*

*United Cook Inlet Drift Association et al. v. NMFS et al.,* 3:13-cv-00104-TMB
Page 7
Case 3:13-cv-00104-TMB   Document 106   Filed 10/27/17   Page 7 of 11

technical ability to analyze a complex administrative record. The combination of specialized knowledge and litigation expertise required by this case is limited in availability, and found almost exclusively in environmental public interest law firms (which would not represent Plaintiffs) and environmental practice groups, such as Stoel Rives' environmental practice group. Plaintiffs' attorneys' rates are consistent with the market rates for this specialized expertise and experience.

**D.     The hours for which a fee award is sought are reasonable, necessary, and appropriate**

Plaintiffs are entitled to recovery of all fees and costs incurred in this litigation because (i) all of the claims asserted by Plaintiffs in this litigation are "related" and (ii) Plaintiffs achieved an "excellent result" (namely, a legal determination that removal of federal waters in Cook Inlet from the Salmon FMP was unlawful, and entry of judgment in favor of Plaintiffs).[32]

First, all of the claims made by Plaintiffs in this litigation were "related" to their successful MSA claim because each claim involved a "common core of facts."[33] Specifically, each claim asserted by Plaintiffs concerned the same agency processes and determinations that led to the adoption of Amendment 12 and its implementing regulations, removing federal waters in Cook Inlet from the Salmon FMP.

Second, a full fee award is warranted in this case because Plaintiffs have achieved an "excellent result."[34] Plaintiffs prevailed on their primary claim under the MSA and achieved the primary goal of the litigation—i.e., a legal determination that removal of federal waters in Cook

---

[32] *See, e.g., Hensley*, 461 U.S. at 435 (even partially successful plaintiff obtaining "excellent results" "should recover a fully compensatory fee").

[33] *Id.*; *see also Winter*, 543 F.3d at 1162-63.

[34] *Hensley*, 461 U.S. at 435; *see also Winter*, 543 F.3d at 1162-63.

*United Cook Inlet Drift Association et al. v. NMFS et al.,* 3:13-cv-00104-TMB
Page 8

Inlet from the Salmon FMP was unlawful. The fact that the Ninth Circuit chose not to address Plaintiffs' NEPA claim (likely because it was moot in light of the Court's decision on the MSA claim) does not alter Plaintiffs' "excellent result" in this litigation or provide a basis for reducing the fee award.[35]

## IV. CONCLUSION

For the reasons set forth above, and based on the information presented in the documents accompanying this application, Plaintiffs respectfully request an award of attorney and professional fees in the amount of $488,783 and costs in the amount of $12,893.09, plus any attorneys' fees and costs incurred after October 24, 2017.

Counsel for Plaintiffs has conferred with counsel for Federal Defendants regarding this application. Federal Defendants oppose this application but agree that it is in the interests of the parties and judicial efficiency to stay briefing on this application for 60 days to allow the parties time to discuss settlement. Plaintiffs and Federal Defendants are concurrently filing a joint stipulation and motion to stay the briefing and resolution of this application for 60 days. This requested stay will allow time for settlement discussions between counsel for Plaintiffs and counsel for Federal Defendants aimed at resolving Plaintiffs' claim for fees and costs. If settlement is not reached, Plaintiffs intend to supplement this application to provide additional legal and evidentiary support and to account for any future litigation in this case.

---

[35] *See Hensley*, 461 U.S. at 435 ("[T]he fee award should not be reduced simply because the plaintiff failed to prevail on every contention in the lawsuit. Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee. The result is what matters." (citation omitted)).

*United Cook Inlet Drift Association et al. v. NMFS et al.,* 3:13-cv-00104-TMB
Page 9
Case 3:13-cv-00104-TMB   Document 106   Filed 10/27/17   Page 9 of 11

DATED: October 27, 2017

/s/ Jason T. Morgan
Ryan P. Steen, AK Bar No. 0912084
Beth S. Ginsberg, Admitted *Pro Hac Vice*
Jason T. Morgan, Admitted *Pro Hac Vice*

Attorneys for United Cook Inlet Drift Association
and Cook Inlet Fishermen's Fund

*United Cook Inlet Drift Association et al. v. NMFS et al.,* 3:13-cv-00104-TMB
Page 10
Case 3:13-cv-00104-TMB   Document 106   Filed 10/27/17   Page 10 of 11

**CERTIFICATE OF SERVICE**

I hereby certify that on October 27, 2017 I filed a copy of the foregoing document with the Clerk of the Court for the United States District Court – District of Alaska by using the CM/ECF system. All participants in this Case No. 3:13-cv-00104-TMB are registered CM/ECF users and will be served by the CM/ECF system.

*/s/ Jason T. Morgan*
Jason T. Morgan

*United Cook Inlet Drift Association et al. v. NMFS et al.,* 3:13-cv-00104-TMB
Page 11
Case 3:13-cv-00104-TMB   Document 106   Filed 10/27/17   Page 11 of 11