

600 University Street, Suite 3600
Seattle, WA 98101
T. 206.624.0900
F. 206.386.7500
www.stoel.com

JASON T. MORGAN
D. 206.386.7527
jason.morgan@stoel.com

November 21, 2017

Hon. Timothy M. Burgess
United States District Judge
U.S. District Court
District of Alaska
222 W. 7th Avenue, Room 229
Anchorage, AK  99513

Re:  Response to Status Report in *United Cook Inlet Drift Assn., et al. v. National Marine Fisheries Service et al.* - USDC No. 3:13-cv-00104 TMB

Dear Judge Burgess:

Plaintiffs United Cook Inlet Drift Association and Cook Inlet Fishermen's Fund hereby file this response to the Status Report filed by Defendant National Marine Fisheries Service ("NMFS"), ECF No. 105-1. Plaintiffs appreciate the fact that NMFS and the North Pacific Fishery Management Council (the "Council") have taken the initial steps towards revising the Salmon Fishery Management Plan (Salmon FMP) as required by the Ninth Circuit's decision in *United Cook Inlet Drift Association v. NMFS*, 837 F.3d 1095 (9th Cir. 2016). Plaintiffs further appreciate the initial discussions by the Council regarding the possible formation of a "salmon workgroup committee" to help guide the development of the Salmon FMP.

However, Plaintiffs have serious reservations as to whether NMFS or the Council are taking to heart the instructions from the Ninth Circuit. The Ninth Circuit instructed NMFS that the "Magnuson-Stevens Act unambiguously requires a Council to create an FMP for each fishery under its authority that requires conservation and management." *Id*. at 1065. The Ninth Circuit expressly rejected NMFS's arguments that the Magnuson-Stevens Act "does not require an FMP to cover an entire fishery" explaining that "fishery" is "a defined term." *Id*. at 1064; *see* 16 U.S.C. § 1802(11) (defining fishery as "(A) one or more stocks of fish which can be treated as a unit for purposes of conservation and management and which are identified on the basis of geographical, scientific, technical, recreational, and economic characteristics; and (B) any fishing for such stocks"). The court clearly explained that Congress "did not suggest that a Council could wriggle out of this requirement by creating FMPs only for selected parts of those fisheries." *United Cook,* 837 F.3d at 1064.

Despite this clear instruction, the Council and NMFS appear intent on trying to "wriggle out" once again. There is no dispute that the salmon stocks of Cook Inlet are a "fishery." Yet the alternatives identified by the Council and NMFS to date address only "selected parts" of the

fishery occurring in the exclusive economic zone of Cook Inlet instead of the fishery as a whole. The Expanded Discussion Paper cited in NMFS's status report claim that NMFS and the Council have no authority in State waters, and thus (apparently) no ability to provide a plan that sets goals or objectives for the fishery, and instead must simply be "responsive to harvests in state waters." *See* Expanded Discussion Paper at 39.

Plaintiffs are very concerned that if NMFS and the Council continue to focus only on the selected parts of the fishery occurring in the EEZ rather than the entire fishery (as instructed by the Ninth Circuit and as required by statute), the entire remand process is likely to be a wasted exercise. Staff for NMFS at the Council's October meeting described the process of trying to manage the salmon fishery only in the EEZ while complying with the requirements of the Act as a "square-peg, round-hole" exercise. *See* Council Audio Files, 10/7/2017.[1] We agree. But the solution is not to keep forcing the peg into the wrong whole, but to do what the Act requires; ensure that the entire fishery is managed to meet the requirements of the MSA. If NMFS and the Council continue to try and force the artificial distinctions on the fishery, the resultant plan will not meet the requirements of the Act.

Furthermore, Plaintiffs are concerned that NMFS and the Council are not sufficiently availing themselves of the opportunity to work with affected fishermen to develop a workable and effective FMP. The initial Discussion Paper was apparently developed without the cooperation of stakeholders (or at least, without Plaintiffs) and Plaintiffs' comments to the Council on the appropriate scope and nature of the FMP do not appear to be reflected in either the Discussion Paper or the Expanded Discussion Paper. Moreover, while Plaintiffs appreciate the initial discussions by the Council regarding the possible formation of a salmon workgroup committee, nonetheless Plaintiffs were told by one Council member that they should not expect any funding for that committee. Moreover, the Council does not appear to be moving with any sense of expediency or urgency as the Council is not even going to reach the issue of whether to have a salmon committee until April of 2018, more than seven months after the entry of judgment in this case.

All of this points to a process that may be heading in the wrong direction. Six years ago, Council refused to produce an FMP for the Cook Inlet Salmon and Plaintiffs were told by member of the Council, on the record, that they were naïve and misguided in seeking an FMP. Plaintiffs had to spend years litigating with NMFS to force the Council to comply with their statutory duties. All the while, the fishery did not have the complete benefit of management under the Magnuson-Stevens Act, and still will not until the Council produces a proper plan. The longer that the Council and NMFS attempt to "wriggle out" of their statutory obligations, the greater the continued economic harm upon the fishing industry, fishing communities, and the Nation.

---

[1] https://app.box.com/s/5cm1pxn8nn/folder/40339404138

Plaintiffs sincerely expect that the Council and NMFS get this process moving in the right direction, and towards development of a Salmon FMP in full compliance with the Act. Until that happens, Plaintiffs reserve their rights to seek interim relief with this Court.

Very truly yours,

Jason T. Morgan

JTM:sdl

cc: All Counsel of Record

## CERTIFICATE OF SERVICE

I hereby certify that on November 21, 2017, I filed a copy of the foregoing document with the Clerk of the Court for the United States District Court – District of Alaska by using the CM/ECF system. All participants in this Case No. 3:13-cv-00104-TMB are registered CM/ECF users and will be served by the CM/ECF system.

*/s/ Jason T. Morgan*
Jason T. Morgan