Ryan P. Steen, AK Bar No. 0912084
Beth S. Ginsberg, Admitted *Pro Hac Vice*
Jason T. Morgan, Admitted *Pro Hac Vice*
Stoel Rives LLP
600 University Street, Suite 3600
Seattle, Washington 98101
(206) 624-0900 (phone)
(206) 386-7500 (facsimile)

*Attorneys for United Cook Inlet Drift Association and
Cook Inlet Fishermen's Fund*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED COOK INLET DRIFT ASSOCIATION AND COOK INLET FISHERMEN'S FUND,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL MARINE FISHERIES SERVICE ET AL.,<br><br>Defendants. | Case. No. 3:13-cv-00104-TMB |

### SUPPLEMENTAL AFFIDAVIT OF JASON T. MORGAN IN SUPPORT OF APPLICATION FOR AN AWARD OF ATTORNEYS' FEES AND COSTS

1. My name is Jason T. Morgan. I am competent to testify to the matters stated herein, which are true and correct to the best of my knowledge, information, and belief. This affidavit supports the application for an award of attorneys' fees and costs filed by Plaintiffs United Cook Inlet Drift Association and Cook Inlet Fishermen's Fund ("Plaintiffs") pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d); Fed. R. Civ. P. 54(d); and L.R. 54.3. This affidavit supplements my previously filed affidavit at ECF No. 107 ("Morgan Affidavit").

SUPPLEMENTAL AFFIDAVIT OF JASON T. MORGAN
*United Cook Inlet Drift Association et al. v. NMFS et al.*, 3:13-cv-00104-TMB
Page 1
96168249.2 0014655-00002

Case 3:13-cv-00104-TMB   Document 121   Filed 03/08/18   Page 1 of 8

2. The costs and fees incurred in this litigation are provided in the Updated Attachment A to this affidavit. Updated Attachment A differs from the original Attachment A to the Morgan Affidavit previously filed in the following respects:

   a. It includes the additional fees and costs associated with filing the fee petition and this reply, up through March 7, 2018.

   b. It eliminates certain time and fee entries based on further review.

   c. It includes a column for hourly rates to accommodate Federal Defendants' ("NMFS") request.

   d. It corrects a technical error in the table, which inadvertently set the dates off by one row.

   e. It includes a table showing each timekeeper's hourly rate and number of hours for each billing year.

   f. It includes a table of costs that was inadvertently excluded from the prior Attachment A (but previously provided in substantially identical form at ECF No. 82-1).

   g. The table of costs includes a break-down of hours and rates for administrative tasks as requested by NMFS.

3. NMFS in its Opposition To Plaintiffs' Application For An Award Of Attorneys' Fees And Costs at footnote 2 appears to question whether the Plaintiffs were actually billed for the amounts requested in Attachment A to the Morgan Affidavit. The Plaintiffs *were* billed for all the fees and costs in Updated Attachment A (and in Attachment A for that matter). The only exception is for those time entries in February and March of 2018, which have not yet been, but

SUPPLEMENTAL AFFIDAVIT OF JASON T. MORGAN
*United Cook Inlet Drift Association et al. v. NMFS et al.,* 3:13-cv-00104-TMB
Page 2
96168249.2 0014655-00002

Case 3:13-cv-00104-TMB   Document 121   Filed 03/08/18   Page 2 of 8

will in fact be, invoiced to the Plaintiffs in the ordinary course. NMFS in the same footnote suggests that these are contemporaneous time entries. That is not so. The exact time entries and narratives were copied and pasted into Updated Attachment A (and Attachment A). The only difference between the actual bills and the tables in Updated Attachment A is that (a) I revised or redacted the narratives when necessary to avoid disclosing attorney client privilege; and (b) I deleted some time entries where, in my judgment, the time spent was not directly relevant to the present litigation, or where the hours for a timekeeper were *de minimis*. Overall, I eliminated approximately $30,000.00 of fees (billed to the client) from this fee request based on that billing judgment and have not requested reimbursement for fees for 2 attorney timekeepers that worked on this matter during its long history. The remaining time on Updated Attachment A was necessarily incurred in this lawsuit, and the time was reasonably spent and necessary to secure the ultimate victory in this case.

4. As discussed, Updated Attachment A includes fees and costs associated with the filing of this motion. As is customary, the rates charged by Stoel Rives in this matter (our standard guideline rates) have increased commensurate with market forces for legal services. These variable rates are reflected in the tables at Attachment A. The rate for Jason Morgan increased in 2018 to $520. The rate for Beth Ginsberg for 2018 increased to $635. The rate for Nan Feng in 2018 increased to $300.

5. NMFS questions my prior sworn statement that the rates charged and paid for in this case represent market rates in Alaska for environmental litigation. That testimony was based on my experience in representing numerous Alaskan clients in high-stakes environmental litigation in Alaska federal district court, the Ninth Circuit, and the D.C. Circuit. *See, e.g., Shell*

SUPPLEMENTAL AFFIDAVIT OF JASON T. MORGAN
*United Cook Inlet Drift Association et al. v. NMFS et al.,* 3:13-cv-00104-TMB
Page 3
96168249.2 0014655-00002
Case 3:13-cv-00104-TMB   Document 121   Filed 03/08/18   Page 3 of 8

*Offshore Inc. v. Greenpeace, Inc.*, 815 F.3d 623 (9th Cir. 2016); *Alaska Wilderness League v. Jewell*, 637 F. App'x 976, 977 (9th Cir. 2015); *U.S. Sugar Corp. v. EPA*, 830 F.3d 579 (D.C. Cir. 2016); *Native Vill. of Kivalina IRA Council v. U.S. EPA*, 687 F.3d 1216 (9th Cir. 2012). The rates we charged Plaintiffs in this case, including the 2018 increases, are market rates for environmental litigation in Seattle and Anchorage.

6. Plaintiffs question whether pre-litigation fees are appropriate. The pre-litigation work here was a necessary prerequisite to the litigation filed by UCIDA. In August of 2010, UCIDA entered into a consent decree with NMFS whereby NMFS agreed to consider requesting federal oversight of state salmon management and the concerns animating that request. *See United Cook Inlet Drift Ass'n v. Locke*, Case 3:09-cv-00241-TMB, ECF No. 45 (Aug. 27, 2010). That consent decree necessarily contemplated that there would be a Salmon FMP for Cook Inlet. Shortly after the entry of the settlement agreement, the Council and NMFS began to take actions to remove Cook Inlet from the Salmon FMP. Without a Salmon FMP, the consent decree was of little utility; it was therefore necessary to defend against that illegal action and perfect an appeal. UCIDA made every effort to do so efficiently and has not billed NMFS for all fees incurred in that effort. For example, UCIDA is only seeking reimbursement for fees associated with attending the two most essential Council meetings, although the undersigned counsel attended three such meetings and declined to attend others.

7. I have also reviewed the costs requested at Updated Attachment A. Based on defendants' objections, I did remove one cost entry dated 8/24/2010. All the remaining costs were necessary to this litigation, and actually billed to the Plaintiffs and do not include approximately $1,500 in additional costs (although billed to Plaintiffs) for which reimbursement

SUPPLEMENTAL AFFIDAVIT OF JASON T. MORGAN
*United Cook Inlet Drift Association et al. v. NMFS et al.*, 3:13-cv-00104-TMB
Page 4
96168249.2 0014655-00002

Case 3:13-cv-00104-TMB   Document 121   Filed 03/08/18   Page 4 of 8

was not sought, or numerous other costs that were written down or otherwise written off. The costs listed on Updated Attachment A were necessarily incurred in this case.

8. Attached hereto as Exhibit B is a true and correct copy of the brief filed by NMFS with the U.S. Supreme Court in response to the Petition for Certiorari filed in this case by the State of Alaska, captioned *Alaska v. United Cook Inlet Drift Ass'n*, Supreme Court Case No. 16-1044.

9. Attached hereto as Exhibit C is a true and correct copy of the brief filed by Plaintiffs with the U.S. Supreme Court in response to the Petition for Certiorari filed in this case by the State of Alaska, captioned *Alaska v. United Cook Inlet Drift Ass'n*, Supreme Court Case No. 16-1044.

10. Plaintiffs in the Supreme Court proceedings sought to avoid fees and costs by filing a Notice of Waiver of the right to file a response brief. A true and correct copy of that brief is attached hereto as Exhibit D. Defendants did not pursue that strategy, deciding instead to file an opposition brief that argued that the Ninth Circuit decision was wrongly decided. After Defendants filed their brief, the Supreme Court ordered Plaintiffs to file a response brief. Plaintiffs accordingly had to respond to these additional arguments marshaled by the United States. A true and correct copy of that Order is attached hereto as Exhibit E. The Supreme Court then denied certiorari on October 2, 2017.

SUPPLEMENTAL AFFIDAVIT OF JASON T. MORGAN
*United Cook Inlet Drift Association et al. v. NMFS et al.,* 3:13-cv-00104-TMB
Page 5
96168249.2 0014655-00002
Case 3:13-cv-00104-TMB   Document 121   Filed 03/08/18   Page 5 of 8

I hereby declare under penalty of perjury of the law of the United States of America that the foregoing information is true and correct to the best of my knowledge and belief.

**DATED:** March 8, 2018

_____
Jason T. Morgan

SUPPLEMENTAL AFFIDAVIT OF JASON T. MORGAN
*United Cook Inlet Drift Association et al. v. NMFS et al.,* 3:13-cv-00104-TMB
Page 6
96168249.2 0014655-00002

Case 3:13-cv-00104-TMB   Document 121   Filed 03/08/18   Page 6 of 8

STATE OF WASHINGTON    )
                       )ss.
COUNTY OF KING         )

On this day personally appeared before me Jason T. Morgan, to me known to be the individual or individuals described in and who executed the within and foregoing instrument, and acknowledged that he signed the same as his free and voluntary act and deed, for the uses and purposes mentioned.

GIVEN under my hand and official seal the day and year first above written. 3-8-18

Signature: *Lynn A. Stevens*

Name (Print): Lynn A. Stevens

NOTARY PUBLIC in and for the State
Of Washington, residing at King County
My appointment expires: August 10, 2021

[Notary Stamp: LYNN A STEVENS, NOTARY PUBLIC, STATE OF WASHINGTON, COMMISSION EXPIRES AUGUST 10, 2021]

SUPPLEMENTAL AFFIDAVIT OF JASON T. MORGAN
*United Cook Inlet Drift Association et al. v. NMFS et al.,* 3:13-cv-00104-TMB
Page 7
96168249.2 0014655-00002

Case 3:13-cv-00104-TMB   Document 121   Filed 03/08/18   Page 7 of 8

## CERTIFICATE OF SERVICE

I hereby certify that on March 8, 2018 I filed a copy of the foregoing document with the Clerk of the Court for the United States District Court – District of Alaska by using the CM/ECF system. All participants in this Case No. 3:13-cv-00104-TMB are registered CM/ECF users and will be served by the CM/ECF system.

*/s/ Jason T. Morgan*
Jason T. Morgan

SUPPLEMENTAL AFFIDAVIT OF JASON T. MORGAN
*United Cook Inlet Drift Association et al. v. NMFS et al.,* 3:13-cv-00104-TMB
Page 8
96168249.2 0014655-00002

Case 3:13-cv-00104-TMB   Document 121   Filed 03/08/18   Page 8 of 8