Jason T. Morgan, AK Bar No. 1602010
Ryan P. Steen, AK Bar No. 0912084
Beth S. Ginsberg, Admitted *Pro Hac Vice*
Stoel Rives LLP
600 University Street, Suite 3600
Seattle, Washington 98101
(206) 624-0900 (phone)
(206) 386-7500 (facsimile)

*Attorneys for United Cook Inlet Drift Association and
Cook Inlet Fishermen's Fund*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED COOK INLET DRIFT ASSOCIATION AND COOK INLET FISHERMEN'S FUND,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL MARINE FISHERIES SERVICE ET AL.,<br><br>Defendants. | Case. No. 3:13-cv-00104-TMB |

## [PROPOSED] ORDER

This matter comes before the Court on Plaintiffs' Motion to Enforce the Judgment.

The Court has reviewed the Plaintiffs' motion and supporting declarations, the

Defendants' opposition, and the Plaintiffs reply.

The Court hereby FINDS as follows:

1. Pursuant to the Ninth Circuit's decision in *United Cook Inlet Drift Association v. National Marine Fisheries Service,* 837 F.3d 1055 (9th Cir. 2016), this Court remanded the matter to defendants to produce a fishery management plan ("FMP") for the Cook Inlet salmon fishery pursuant to the Magnuson Stevens Fishery Conservation and Management Act ("MSA").

2. Nearly three years have passed since the Ninth Circuit issued its order, and the Defendants have not yet produced an FMP that includes the Cook Inlet salmon fishery. Such revisions to not appear to be forthcoming in the near future, and the remand process appears to be stalled.

3. The FMP development process is being unavoidably delayed by a legal dispute over the scope of the Ninth Circuit's holding and the requirements of the MSA for producing an FMP.

4. The Court finds that judicial instruction on the scope and timing of the remand is appropriate at this time.

Accordingly, the Court GRANTS Plaintiffs Motion, and issues the following DECLARATORY RULING:

The Ninth Circuit instructed, *inter alia*, that the MSA requires fisheries under the jurisdiction of the North Pacific Fishery Management Council (the "Council") to "be governed by federal rules in the national interest, not managed by a state based on

ORDER
*United Cook Inlet Drift Association et al. v. NMFS et al.,* 3:13-cv-00104-TMB
Page 2
103466027.1 0014655-00002
Case 3:13-cv-00104-TMB   Document 151-1   Filed 09/04/19   Page 2 of 4

parochial concerns."[1] All of the alternatives presently under consideration by the Council and NMFS during remand are contrary to the Ninth Circuit's instructions because none of those alternatives would result in a management of the Cook Inlet salmon fishery under applicable federal rules, as set forth in the Magnuson Act and its implementing regulations. The FMP must provide management goals, objectives, and measures throughout the entire range of the Cook Inlet salmon stocks, including state waters, as required by the Magnuson Act and its implementing regulations. Additionally, NMFS may not approve an FMP that is subservient to or defers to state management goals and objectives for the Cook Inlet salmon fishery, but instead must ensure the entire fishery is managed to satisfy all applicable Magnuson Act standards.

Furthermore, the Court ORDERS as follows:

(A) the Council shall complete the development of changes to the FMP consistent with the above instruction by no later than six months from the date of entry of this order;

(B) the National Marine Fisheries Service shall implement regulations for the FMP by no later than June 10, 2020, prior to the start of the 2020 Cook Inlet salmon fishing season;

(C) if it appears that the National Marine Fisheries Service is unable to comply with this deadline, the parties to this case, including the State of Alaska, shall meet and confer prior to May 1, 2020, to discuss an orderly operation of the Cook Inlet salmon

---

[1] *United Cook Inlet Drift Ass'n*, 837 F.3d at 1063.

ORDER
*United Cook Inlet Drift Association et al. v. NMFS et al.,* 3:13-cv-00104-TMB
Page 3
103466027.1 0014655-00002
Case 3:13-cv-00104-TMB   Document 151-1   Filed 09/04/19   Page 3 of 4

fishery for the 2020 season. If the parties are unable to stipulate to an agreed set of operations for 2020 by May 15, 2020, each party will submit a proposed set of operations on that date for the Court to consider.

In addition, the Court further FINDS that the appointment of a special master is appropriate in this case to (a) ensure compliance with the Court's instructions above; and (b) aid the parties in discussions, if necessary, regarding the orderly operation of the fishery in 2020. Accordingly, the Court ORDERS the parties to meet and confer within 10 days of the entry of this order regarding nominations for the special master, and the terms and scope of the special master's duties. Within 30 days of the entry of this order, the parties must present either a joint proposal or separate proposals regarding the special master for the Court's consideration.

**DATED** and Entered this \_\_\_\_\_ day of _____, 2019.

_____
Timothy M. Burgess
United States District Court Judge

ORDER
*United Cook Inlet Drift Association et al. v. NMFS et al.,* 3:13-cv-00104-TMB
Page 4
103466027.1 0014655-00002
Case 3:13-cv-00104-TMB   Document 151-1   Filed 09/04/19   Page 4 of 4