# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

*United Cook Inlet Drift Association. v. National Marine Fisheries Service*
Case No. 3:13-cv-00104-TMB

By: THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS: ORDER FROM CHAMBERS

This matter comes before the Court on the Plaintiffs', United Cook Inlet Drift Association and Cook Inlet Fisherman's Fund (collectively the "Plaintiffs" or "United Cook Inlet"), motion to expedite the motion to supplement and amend the complaint and petition for judicial review ("Motion to Expedite"),[1] filed November 5, 2021. Plaintiffs filed their motion to supplement and amend the complaint and petition for judicial review that same day.[2]

United Cook Inlet initiated this action on January 18, 2013, against defendants National Marine Fisheries Service ("NMFS"); Rebecca Blank, in her official capacity as the Acting United States Secretary of Commerce; Jane Lubchenco, in her official capacity as Administrator, National Oceanic and Atmospheric Administration; and James W. Balsiger, in his official capacity as NMFS Alaska Region Administrator (collectively "Federal Defendants").[3] The State of Alaska later became a party in this case after the Court granted its motion to intervene.[4] In the Complaint, United Cook Inlet sought judicial review of "regulations adopted by NMFS on December 21, 2012[,] to implement and approve Amendment 12 to the *Fishery Management Plan for Salmon Fisheries in the EEZ off the Coast of Alaska* (the "Salmon FMP")."[5] United Cook Inlet argued that "Amendment 12 to the Salmon FMP and NMFS's regulations implementing that Amendment are arbitrary, capricious, and contrary to the Magnuson-Stevens Fishery Conservation and Management Act ("MSA"), 16 U.S.C. §§ 1801-1819d; the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4321 et seq.; and the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 551-559, 701-706."[6]

After the Ninth Circuit reversed the Court's denial of United Cook Inlet's motion for summary judgment, the Court entered judgment in favor of United Cook Inlet.[7] In the Judgment, the Court

---

[1] Dkt. 193 (Motion to Expedite Motion to Supplement and Amend Complaint and Petition for Judicial Review).
[2] Dkt. 192 (Motion to Supplement and Amend Complaint and Petition for Judicial Review).
[3] Dkt. 1 (Complaint).
[4] Dkt. 12 (Motion to Intervene); Dkt. 27 (Order Granting Motion to Intervene).
[5] Dkt. 1 at 2.
[6] Dkt1 at 2; 25–29.
[7] Dkt. 64 (Order Denying Motion for Summary Judgment); Dkt. 71 (9th Circuit Opinion); Dkt. 102 (Judgment).

1

"retain[ed] jurisdiction to oversee compliance with the terms of this judgment."[8] The Judgment expressly did not "bind the Council or NMFS with regard to the contents of the new FMP amendment," but set forth procedural guidelines "[i]f the Council adopts a Salmon FMP amendment that addresses Cook Inlet."[9] More than two years later and in response to United Cook Inlet's Motion to Enforce the Judgment, the Court denied in part and granted in part United Cook Inlet's requested relief.[10] In its Order, the Court concluded "[b]ecause the Judgment allows for court-imposed deadlines and such action is not considered enforcement of the Judgment, the Court **HEREBY ORDERS** Defendants adhere to their estimated timeline and [for the Council to] adopt a final FMP amendment by **December 31, 2020**."[11] In addition, the Court ordered "final agency action and/or promulgation of a final rule shall occur within one year" of the Council's action.

On November 3, 2021, the final rule adopting a Salmon Fishery Management Plan ("FMP") amendment that addressed Cook Inlet was published in the Federal Register, marking final agency action.[12] The regulation adopted Amendment 14 to the Salmon FMP, which incorporates the Cook Inlet Exclusive Economic Zone Subarea into the Salmon FMP's West Area.[13]

United Cook Inlet now seeks leave to file a First Supplemental/Amended Complaint and Petition for Judicial Review pursuant to Federal Rules of Civil Procedure 15(a)(2) and (d).[14] United Cook Inlet argues that "the most expeditious and efficient path to prompt and complete judicial review is to file a supplemental and amended complaint, rather than initiate a new case and start over."[15] In addition, United Cook Inlet asserts that they "have yet to receive the relief they are entitled to in this case as ordered by the Ninth Circuit's decision—a legally valid fishery management plan that covers the entire Cook Inlet salmon fishery."[16] But, United Cook Inlet did not provide a proposed amended or supplemental complaint pursuant to the District of Alaska's Local Rule 15.1.

The Federal Defendants have not filed a response to either United Cook Inlet's Motion to Amend or Motion to Expedite. But as the Federal Defendants identify in an email exchange between counsel, "neither the defendants, nor the Court can truly consider a motion for leave to amend when they don't have a proposed supplemental/amended complaint to evaluate."[17]

United Cook Inlet now faces a compressed timeline to seek judicial review because the MSA requires petitions for review to be filed "within 30 days after the date on which the regulations are

---

[8] Dkt. 102 at 1.
[9] *Id.* at 1–2.
[10] Dkt. 168 (Order re: Plaintiffs' Motion to Enforce Judgment).
[11] *Id.* at 10–11; *see also id.* at 12 ("The Motion is **GRANTED IN PART** to the extent Plaintiffs seek court-imposed deadlines. Pursuant to the Judgment, Defendants are **HEREBY ORDERED** to prepare and adopt a salmon FMP compliant with the Ninth Circuit's decision **on or before December 31, 2020.")** (emphasis in the original).
[12] 86 Fed. Reg. 60,568.
[13] *Id.* at 60,587–88.
[14] Dkt. 192.
[15] *Id.* at 3.
[16] *Id.*
[17] Dkt. 194-1 (Exhibits to Affidavit).

2

promulgated . . . in the Federal Register."[18] If United Cook Inlet decides to pursue judicial review of Amendment 14, it must do so by December 3, 2021. Thus, before ruling on United Cook Inlet's Motion to Amend, the Court requests the parties provide supplemental briefing regarding whether United Cook Inlet should be permitted to supplement or amend its Complaint after final agency action related to Amendment 14 has already occurred.

Accordingly, **IT IS HEREBY ORDERED** that:

1. United Cook Inlet shall file, by close of business on Wednesday, November 10, 2021, a proposed amended and/or supplemented Complaint.
2. Both parties shall file, by the close of business on Thursday, November 11, 2021, a supplemental brief addressing:
    a. Whether the Federal Defendants have complied with the terms of the Judgment at Docket 102, citing specific language from the Judgment, and explaining why the Court should or should not retain jurisdiction following publication of the final agency rule, including citations to supporting authority;
    b. Whether the Court should allow United Cook Inlet leave to amend the Complaint, citing to supporting authority; and
    c. Whether the Court should allow United Cook Inlet leave to supplement the Complaint, citing to supporting authority.
3. Both parties shall file their responses to these issues by the close of business on Friday, November 12, 2021.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: November 8, 2021

---

[18] 16 U.S.C. § 1855(f)(1).