**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| UNITED COOK INLET DRIFT ASSOCIATION and COOK INLET FISHERMAN'S FUND,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL MARINE FISHERIES SERVICES, et al.,<br>Defendants,<br><br>STATE OF ALASKA,<br>Intervenor-Defendant. | Case No. 3:13-cv-00104-TMB<br><br><br>**ORDER ON PLAINTIFFS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT (DKT. 192)** |

## I.    INTRODUCTION

This matter comes before the Court on Plaintiffs Cook Inlet Drift Association's and Cook Inlet Fisherman's Fund's Motion for Leave to File an Amended or Supplemental Complaint at Docket 192 (the "Motion").[1] Plaintiffs seek leave to amend and/or supplement their original pleadings with additional allegations regarding the Defendant National Marine Fisheries Service's and the other federal defendants' (collectively the "Federal Defendants") compliance with the Court's previous order and promulgation of new regulations.[2] For the reasons discussed below, the Court **DENIES** the Motion.

## II.    BACKGROUND

Plaintiffs filed this action in 2013 to seek judicial review of Defendant National Marine Fisheries Service's ("NMFS") promulgation of Amendment 12 to the *Fishery Management Plan*

---

[1] Dkt. 192 (Motion).

[2] *Id.*

*for Salmon Fisheries in the EEZ off the Coast of Alaska* (the "Salmon FMP"), which removed federal waters in Cook Inlet from the Salmon FMP and left them to be managed by the State of Alaska.[3] Plaintiffs argued that "Amendment 12 to the Salmon FMP and NMFS's regulations implementing that Amendment are arbitrary, capricious, and contrary to the Magnuson-Stevens Fishery Conservation and Management Act ("MSA"), 16 U.S.C. §§ 1801–1819d; the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4321 *et seq*.; and the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 551–559, 701–706."[4] The State of Alaska intervened on behalf of the Federal Defendants, though its participation is limited to filing briefs and joining or opposing the principal parties' motions.[5]

The Court ruled in favor of the Federal Defendants, concluding that the MSA was ambiguous as to whether NMFS had to create an FMP for all fisheries requiring conservation and management and giving *Chevron* deference to the agency's interpretation of the statute.[6] The Ninth Circuit reversed, holding that the MSA unambiguously requires NMFS to create FMPs for each fishery under its authority that requires conservation and management and that "Amendment 12 is therefore contrary to law to the extent it removes Cook Inlet from the FMP."[7] The Ninth Circuit remanded with instruction that judgment be entered in favor of the Plaintiffs.[8]

---

[3] Dkt. 1 at 2 (Complaint).

[4] *Id.* at 2, 25–29.

[5] Dkt. 27 (Order Granting Intervention).

[6] Dkt. 64 (Order Denying Summary Judgment).

[7] *United Cook Inlet Drift Ass'n v. Nat'l Marine Fisheries Serv.*, 837 F.3d 1055, 1063–65 (9th Cir. 2016).

[8] *Id.*

On remand, the Court adopted the parties' jointly proposed Judgment without revision.[9] The Judgment, entered on August 3, 2017, remanded NMFS's decision on Amendment 12 without vacatur and required NMFS to file tri-annual status reports with the Court.[10] The Judgment required NMFS to "work with the North Pacific Council ("Council") to ensure that the affected public has appropriate input in the development of any new Salmon FMP amendment that addresses Cook Inlet."[11] The Judgment also required that "[i]f the Council adopts a Salmon FMP amendment that addresses Cook Inlet, NMFS shall take final agency action and/or promulgate a final rule within 1 year from the Council meeting at which the Council takes final action to adopt that Salmon FMP amendment."[12] However, it expressly "[did] not bind the Council or NMFS with regard to the contents of the new FMP amendment."[13] The Court retained jurisdiction over the case only to "oversee compliance" with the terms of the Judgment.[14]

After more than two years elapsed without NMFS adopting a Salmon FMP amendment addressing Cook Inlet, Plaintiffs filed a motion to enforce the judgment.[15] The Court granted the motion in part, ordering that "[the Council] adopt a final FMP amendment by **December 31,**

---

[9] Dkts. 101 (Joint Motion); 102 (Judgment).

[10] Dkt. 102 at 1, ¶¶ 1–2.

[11] *Id.* at 1, ¶ 3.

[12] *Id.* at 2, ¶ 4.

[13] *Id.* at 1, ¶ 3.

[14] *Id.* at 1, ¶ 1.

[15] Dkt. 151 (Motion to Enforce Judgment).

**2020**"[16] and that NMFS's "promulgation of a final rule shall occur within one year thereafter."[17] The Ninth Circuit affirmed the Court's enforcement order on appeal.[18]

On December 7, 2020, the Council recommended Amendment 14, which amended the Salmon FMP to include Cook Inlet federal waters within the West Area of the Salmon FMP.[19] After a public notice-and-comment period, NMFS adopted Amendment 14 in a final regulation published in the Federal Register on November 3, 2021, marking final agency action.[20]

Plaintiffs have now filed a Rule 15 motion to supplement or amend their Complaint to include additional allegations challenging Amendment 14 under the MSA, the APA, and NEPA and asserting the Federal Defendants have failed to comply with the Judgment.[21] Because the MSA requires petitions for judicial review of NMFS agency action to be filed "within 30 days after the date on which the regulations are promulgated . . . in the Federal Register,"[22] Plaintiffs face a compressed timeline to seek review of Amendment 14.

Accordingly, the Court granted Plaintiffs' request for supplemental briefing on an expedited basis.[23] Per the Court's order, the parties simultaneously filed supplemental briefs on November 11, 2021, and responses on November 12, 2021, addressing "whether the Federal

---

[16] Dkt. 168 at 11 (emphasis in original) (Order on Motion to Enforce Judgment).

[17] *Id.* at 12.

[18] *United Cook Inlet Drift Ass'n v. Nat'l Marine Fisheries Serv.*, 807 F. App'x 690, 691 (9th Cir. 2020).

[19] Dkt. 179-1 (11th Status Report).

[20] 86 Fed. Reg. 60,568.

[21] Dkts. 192 (Motion to Supplement or Amend); 192-1 (Amended/Supplemented Complaint).

[22] 16 U.S.C. § 1855(f)(1).

[23] Dkt. 196 (Order on Supplemental Briefing).

4

Defendants have complied with the terms of the Court's judgment at Docket 102" and whether the Court should allow Plaintiffs to supplement or amend their complaint.[24]

On November 17, 2021, Plaintiffs filed a new complaint against the Federal Defendants, challenging NMFS's adoption of Amendment 14.[25] The complaint is substantially identical to the supplemented complaint at issue in this motion, minus the allegations relating to Amendment 12.[26]

### III.    LEGAL STANDARD

Whether a motion is treated as a motion to amend under Federal Rule of Civil Procedure ("Rule") 15(a) or (b) or a motion to supplement under Rule 15(d) depends on whether the new allegations relate to events that happened before or after the date of the original pleading.[27] If they occurred before the date of the original pleading, it is a motion to amend under Rule 15(a) or (b); if they occurred afterward, it is a motion to supplement under Rule 15(d), even if the moving party captions the motion erroneously.[28] Here, Plaintiffs' new allegations regarding Amendment 14 relate to events that happened after the date of the original pleading. The Court will, accordingly, treat Plaintiffs' request as a motion to supplement under Rule 15(d).

Rule 15(d) provides that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event

---

[24] Dkts. 198 (Pls.' Suppl. Br.); 199 (State's Suppl. Br.); 200 (Fed. Defs.' Suppl. Br.); 201 (Fed. Defs.' Resp.); 202 (Pls.' Resp.); 203 (State's Resp.).

[25] Dkt. 204 (Notice of Filing). *See also United Cook Inlet Drift Ass'n v. Nat'l Marine Fisheries Serv.*, No. 3:21-cv-00255, Dkt. 1 (Complaint).

[26] *Compare United Cook Inlet Drift Ass'n v. Nat'l Marine Fisheries Serv.*, No. 3:21-cv-00255, Dkt. 1 *with* Dkt. 192-1.

[27] *United States for the Use of Atkins v. Reiten*, 313 F.2d 673, 674 (9th Cir. 1963).

[28] *Id.*

that happened after the date of the pleading to be supplemented."[29] Supplemental allegations need not arise out of the same transaction as those in the original pleadings, and must have only "some relationship" to the subject of the original action.[30]

"Rule 15(d) is intended to give district courts broad discretion in allowing supplemental pleadings."[31] Rule 15(d) motions are "tool[s] of judicial economy and convenience,"[32] and their goal is judicial efficiency.[33] They "ought to be allowed as [a matter] of course, unless some particular reason for disallowing them appears."[34]

A court may deny a motion to supplement when the supplemental allegations constitute a separate cause of action.[35] Supplemental pleadings "cannot be used to introduce a 'separate, distinct and new cause of action,'" and leave to supplement will be denied where "the supplemental pleading could be the subject of a separate action."[36] Whether supplemental pleadings constitute a separate cause of action depends on factors such as whether the new allegations challenge a

---

[29] Fed. R. Civ. P. 15(d).

[30] *Keith v. Volpe*, 858 F.2d 467, 474 (9th Cir. 1988).

[31] *Id. See also, e.g.*, *Reiten*, 313 F.2d at 675 ("Under the Rule, allowance or denial of leave to file a supplemental pleading is addressed to the sound discretion of the District Court.").

[32] *Keith*, 858 F.2d at 474.

[33] *Planned Parenthood of S. Ariz. v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997) (per curiam).

[34] *Keith*, 858 F.2d at 473 (quoting *New Amsterdam Cas. Co. v. Waller*, 323 F.2d 20, 28–29 (4th Cir. 1963)).

[35] *Neely*, 130 F.3d at 402.

[36] *Id.* (first quoting *Berssenbrugge v. Luce Mfg. Co.*, 30 F. Supp. 101, 102 (D. Mo. 1939)), then quoting 6A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FED. PRAC. & PROC. Civil 2D § 1509 (1990)).

different statute than the original pleadings, whether a final judgment has been rendered in the original action, and whether the court has retained jurisdiction.[37]

## IV. DISCUSSION

Plaintiffs seek leave to supplement their Complaint to "include new facts demonstrating [Federal Defendants'] failure to comply with the prior decision of the Ninth Circuit [regarding Amendment 12]" and "new facts and claims specific to Amendment 14, including the failure of Amendment 14 to meet the requirements of the [MSA] and Defendants' failure to comply with [NEPA] when it approved Amendment 14."[38] They argue that supplementing or amending the Complaint is "the most efficient way to resolve any lingering claims . . . related to the existing lawsuit as well as new (and potentially overlapping) claims relating specifically to Amendment 14."[39] They argue that granting leave to supplement will not prejudice any of the parties,[40] but denying leave to supplement will prejudice them because it will render them unable to enforce the Federal Defendants' "commitment" in the Judgment to allow appropriate public input.[41]

The Federal Defendants and the State disagree, arguing that leave to supplement is improper because it introduces allegations that "should be the subject of a separate action."[42] They argue that Plaintiffs' supplemental complaint contains "entirely new, distinct claims for relief,

---

[37] *Id.* The Ninth Circuit has suggested in *dicta* that the final judgment and jurisdiction factors are prerequisites for this rule's application. *Cabrera v. City of Huntington Park*, 159 F.3d 374, 382 n.11 (9th Cir. 1998).

[38] Dkt. 198 at 16.

[39] *Id.*

[40] *Id.* at 17.

[41] Dkt. 202 at 3–4.

[42] Dkts. 199 at 14; 200 at 7.

challenging agency action that was not at issue in the previous complaint."[43] The State also disagrees, arguing that Plaintiffs' motion to supplement contains "a completely separate cause of action" and "would unnecessarily extend this litigation by allowing a new case to rise up in place of the current cas[e] that has reached it[s] end."[44]

On the question of whether the Federal Defendants have complied with the Judgment's requirements, Plaintiffs allege noncompliance in two ways. First, they allege the Federal Defendants did not "ensure that the affected public had appropriate input" in the development of Amendment 14.[45] Second, they allege that Amendment 14 is not "compliant with the Ninth Circuit's decision" because it impermissibly allows Cook Inlet federal waters to be managed "by a state based on parochial concerns."[46]

The Federal Defendants disagree, arguing that they properly submitted status reports, engaged in notice-and-comment rulemaking and other "public interactions," and issued a final rule within one year of the Council's recommendation of Amendment 14.[47] The State also disagrees, emphasizing that in addition to the Council's own public meetings, it also established a "Cook Inlet Salmon Committee" that received written proposals from the public, held several meetings to discuss the FMP, met several times, and made recommendations to the Council.[48]

---

[43] Dkt. 200 at 9.

[44] Dkt. 199 at 13.

[45] Dkt. 198 at 2–7.

[46] *Id.* at 8–10 (quoting *United Cook Inlet*, 837 F.3d at 1064).

[47] Dkt. 200 at 2.

[48] Dkt. 199 at 7–8.

After considering the parties' arguments, the Court, in the exercise of its "broad discretion,"[49] declines to grant leave for Plaintiffs to supplement their Complaint. In the Court's view, judicial efficiency, the ultimate goal of Rule 15(d),[50] would be best served by Plaintiffs bringing their challenge to Amendment 14 as a separate lawsuit specific to the allegations they make against the Federal Defendants' adoption of Amendment 14, rather than prolonging the present case further.

Several additional factors weigh in favor of the Court's decision. First, the Court issued a final judgment in this case more than four years ago.[51] The Judgment's terms were relatively narrow, and only ordered the Federal Defendants to issue periodic status reports, to "work with" the Council to "ensure that the affected public has appropriate input in the development of any new Salmon FMP amendment that addresses Cook Inlet," and to follow certain deadlines if it adopted a Salmon FMP amendment.[52] The Court retained jurisdiction over this case only to "oversee compliance" with the judgment's terms.[53] Judicial efficiency would be better served by confining this case to its current scope, leaving Plaintiffs' challenge to Amendment 14 for a new, separate case. The Plaintiffs have since filed a new, separate case which alleges the same claims regarding Amendment 14 that Plaintiffs seek to supplement here.[54]

---

[49] *Keith*, 858 F.2d at 474.

[50] *Neely*, 130 F.3d at 402.

[51] Dkt. 102.

[52] *Id.* at 1–2.

[53] *Id.* at 1.

[54] *United Cook Inlet Drift Association and Cook Inlet Fisherman's Fund v. National Marine Fisheries Service, et al.*, No. 3:21-cv-00255.

Moreover, the Court agrees with the Federal Defendants that to do otherwise risks turning this case into one where we "allow litigants to perpetually file supplemental or amended complaints," making this Court the "exclusive arbiter of the general subject matter."[55] In the Court's view, such a situation would be inconsistent with a district court's role when performing judicial review of administrative agency actions, which is "to act as an appellate tribunal" whose usual course is "simply to identify a legal error and then remand to the agency."[56]

Lastly, regarding the portion of Plaintiffs' motion that seeks to supplement or amend its complaint with allegations on the Federal Defendants' alleged "failure to comply with the Judgment and the Ninth Circuit's decision," the Court concludes that Plaintiffs' motion is improper.[57] Plaintiffs characterize their claims about the Federal Defendants' failures to comply with the Court's judgment regarding Amendment 12 to be "more like amendments to the original claims in this case."[58] But this is fatal to their argument, because "after final judgment has been entered, a Rule 15(a) motion [to amend pleadings] may be considered only if the judgment is first reopened under Rule 59 or 60."[59]

---

[55] Dkt. 200 at 5.

[56] *N. Air Cargo v. U.S. Postal Serv.*, 674 F.3d 852, 861 (D.C. Cir. 2012).

[57] Dkt. 198 at 12–13.

[58] *Id.* at 13.

[59] *Navajo Nation v. Dep't of the Interior*, 876 F.3d 1144, 1173 (9th Cir. 2017) (quoting *Lindauer v. Rogers*, 91 F.3d 1355, 1356 (9th Cir. 1996)). *See also Rufo v. Inmates of Suffolk Cty. Jail*, 502 U.S. 367, 391 (1992) ("[C]onsent decrees are final judgments that may be reopened only to the extent equity requires.")

## V.    CONCLUSION

In sum, the Court concludes that allowing Plaintiffs to supplement their Complaint with the proposed claims regarding Amendment 14 would not further Rule 15(d)'s goal of judicial efficiency. Plaintiffs' claims would be better brought as a new, separate action, and the Court can identify no technical obstacles preventing that course of action. Plaintiffs' newly filed case appears to be an appropriate action for this purpose.

Additionally, the portion of Plaintiffs' motion seeking to amend their complaint regarding Amendment 12 is legally impermissible.

For the foregoing reasons, the Motion at Docket 192 is **DENIED**.

IT IS SO ORDERED.

Dated at Anchorage, Alaska, this 18th day of November, 2021.

/s/  *Timothy M. Burgess*
TIMOTHY M. BURGESS
UNITED STATES DISTRICT JUDGE